NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROLANDO DOMINGO GARCIA, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No.  19-72909 <br>  20-71552 <br><br> Agency No. A206-150-342 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2026[**]
San Francisco, California

Before:  NGUYEN and VANDYKE, Circuit Judges, and HUIE,[***] District Judge.

Petitioner Rolando Domingo Garcia ("Garcia"), a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' ("BIA") decision dismissing an appeal from a decision by an Immigration Judge ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert Steven Huie, United States District Judge for the Southern District of California, sitting by designation.

denying Garcia's claim for asylum. Garcia also petitions for review of a BIA decision denying his motion to reopen. We previously consolidated the petitions. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

We review the agency's factual findings in a final order of removal for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under that standard, the agency's findings of fact are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* We review questions of law de novo. *Id.* With respect to the agency's determinations on past and future persecution, we apply the substantial-evidence standard to "the entirety of the agency's conclusions—both the underlying factual findings and the application of the [Immigration and Nationality Act] to those findings." *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026).

We review "the denial of a motion to reopen for abuse of discretion, with broad deference to the agency's decision." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022). "Under that standard, this court defers to the [BIA]'s decision unless it acted arbitrarily, irrationally, or contrary to law." *Id.* We review, for substantial evidence, the agency's application of "the exceptional and extremely unusual hardship standard to a given set of facts." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

2

1. The record does not compel the conclusion that Garcia suffered harm rising to the level of past persecution. Although Garcia testified that he was "hit" by one of his teachers with a wooden ruler "sometimes once a week or twice a week" for a period of three years and that he was hit approximately "[o]nce a week" for an unknown amount of time by a foreman at a farm where he worked, those facts (along with the other evidence that Garcia presented) do not compel the conclusion that the harm Garcia suffered rose to the level of persecution. *See, e.g.*, *Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009); *Singh v. Blanche*, — F.4th —, No. No. 24-815, 2025 WL 4725632, at *4–6 (9th Cir. May 15, 2026). Garcia argues that the agency erred by not lowering the past-persecution standard based on the fact that he was a child when the harm occurred, but Garcia did not argue before the BIA that a lower standard applied. Thus, that argument is unexhausted. *See Santana-Gonzalez v. Bondi*, 172 F.4th 736, 744 (9th Cir. 2026).

2. Garcia failed to exhaust his only challenge to the agency's finding that he failed to establish a well-founded fear of future persecution. Garcia argues that the BIA "erred as a matter of law in not applying" the so-called "disfavored group analysis" to Garcia's allegations of future persecution. But Garcia did not make this argument—or even mention the disfavored-group theory—before the IJ or the BIA. It is therefore unexhausted. *See id.*

3. The BIA did not abuse its discretion in denying Garcia's motion to reopen. The BIA "may deny a motion to reopen if … the petitioner failed to establish a prima facie case for the relief sought." *Tzompantzi-Salazar*, 32 F.4th at 703. That Garcia's wife may suffer "financial and emotional hardship" due to his status as "the primary breadwinner in the family" does not establish harm that "deviates, in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez*, 137 F.4th at 1007. In light of Garcia's motion and accompanying exhibits, substantial evidence supports the BIA's determination that Garcia failed to establish a prima facie case for cancellation of removal, so the BIA did not abuse its discretion in making that determination.

**PETITIONS DENIED.**